# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 18-08894-JAK (DFM) | Date: | May 15, 2019 |
|---|---|---|---|
| Title | Jason Edwin Devore v. The People of the State of California | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause**

On October 9, 2018, Jason Edwin Devore ("Petitioner") constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his conviction and 111 year sentence for second degree robbery and related crimes. See Dkt. 1 ("Petition"). The Petition raises thirteen claims for relief. See id. at 5-9.

Petitioner appears to concede that all but one of his claims have not been exhausted in state court. See id. at 18. While Petitioner appealed his conviction to the California Court of Appeal and California Supreme Court, he did so only with respect to Ground Five, failure to plead and prove the requirements of the Three Strikes law for his assault convictions. See id. (stating that Petitioner raised insufficient evidence, failure to plead and prove the strike allegation, and failure to give notice as to pleadings on direct appeal); see also People v. Devore, No. B276539, 2017 WL 3188568, at *1 (Cal. Ct. App. July 27, 2017) ("Defendant appeals, contending there is insufficient evidence to support the count 8 robbery conviction and also contending that the sentences for his assault convictions are not authorized because the prosecutor did not allege that those convictions would be subject to increased punishment pursuant to the Three Strikes law.").

Consequently, Petitioner has exhausted and unexhausted claims, rendering the Petition "mixed." This is a problem. As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Mixed petitions are thus generally dismissed. See id. at 522; Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust any unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277 (2005). For a Rhines stay, the petitioner must show (1) good cause for his failure to earlier exhaust the claim in state court, (2) that the unexhausted claim is not "plainly meritless," and (3) that he has not engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982. It is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements, and in any event, he has not requested a stay of these proceedings.

IT THEREFORE IS ORDERED that within twenty-eight (28) days of the date of this order, Petitioner do one of the following:

(1) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines;

(2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1);

(3) request that Grounds One through Four and Six through Thirteen of the Petition be dismissed and that he be allowed to either proceed on the exhausted claim, Ground Five, or seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing for stays of fully exhausted federal petitions without showing of good cause), with the understanding that he will be allowed to amend any newly exhausted claims back into the Petition only if the claims are timely or "relate back" to the original exhausted claim, see Mayle v. Felix, 545 U.S. 644, 664 (2005); or

(4) show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies.

Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for failure to prosecute.